# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CHARLES HANSON,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. 2:19-cv-08425-FMO (MAA)<br><br>**ORDER TO SHOW CAUSE** |

On September 30, 2019, Plaintiff filed a Complaint against Defendant pursuant to various provisions of the Social Security Act. (ECF No. 1.) Plaintiff seeks an award of disability benefits from the Social Security Commissioner on two apparent grounds: for a neurological disorder (*id.* at 6) and as a remedy for past racial discrimination he experienced in job hiring (*id.* at 8). The Court orders Plaintiff to show cause in writing why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.

The existence of federal subject matter jurisdiction must be presented on the face of a properly pleaded complaint. *See Rivet v. Regions Bank of Louisiana,* 522

U.S. 470, 475 (1998). "A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction." *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (citing *Heckler v. Ringer*, 466 U.S. 602, 617 (1984)). "Section 405(g) provides that an individual who has been denied [Social Security] benefits may seek judicial review of 'any final decision' of the Commissioner." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003). "A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies." *Id.* (citing *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993)). Together, these two elements generally require that a claimant present a claim to the Commissioner; after receiving an initial decision, seek reconsideration; after receiving a decision on reconsideration, seek a hearing before an Administrative Law Judge ("ALJ"); and after receiving a decision by the ALJ, seek review by the Appeals Council. *See Bass*, 872 F.2d at 833.

The first element (presentment) is jurisdictional and nonwaivable, while the second element (exhaustion) is non-jurisdictional and waivable by the Commissioner or the Court. *See Boettcher v. Secretary of Health and Human Services*, 759 F.2d 719, 721 (9th Cir. 1985) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)); *see also Johnson*, 2 F.3d at 921. Here, the face of the Complaint contains no indication that Plaintiff satisfied either of the two required elements, but the first required element appears to be dispositive here. The nonwaivable presentment requirement generally is satisfied by the filing of an application for benefits. *See Mathews v. Diaz*, 426 U.S 67, 75 (1976) (recognizing that 42 U.S.C. § 405(g) "establishes filing of an application as a nonwaivable condition of jurisdiction"). Because Plaintiff's Complaint does not allege that he ever filed an application for disability benefits under the Social Security Act, he has not properly pled subject matter jurisdiction. *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) (holding that a federal court had no jurisdiction where the complaint was deficient

in that it contained no allegation that class members ever filed an application with the Social Security Commissioner).

## ORDER

Within **twenty-one (21)** days after the date of this Order, Plaintiff shall show good cause in writing, if any exists, why the Court should not recommend that this action be dismissed without prejudice for lack of subject matter jurisdiction. Failure to respond to this Order will result in a recommendation that this action be dismissed without prejudice for lack of subject matter jurisdiction and failure to prosecute.

DATED: October 25, 2019

MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE